UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, by and through its Board of Trustees as administered by the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers<br>620 F Street, N.W.<br>Washington, D.C. 20004,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>S & N BUILDERS, INC.<br>107 Front Street,<br>Hempstead, New York 11550,<br><br>　　　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND OTHER AMOUNTS DUE TO EMPLOYEE BENEFIT FUNDS AND FOR OTHER EQUITABLE RELIEF)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

### PARTIES

1. Plaintiff, Bricklayers & Trowel Trades International Pension Fund ("International Pension Fund") is an employee pension benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). The International Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The International Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The International Pension Fund is administered at 620 F Street, N.W., in Washington D.C. The members of the Board of Trustees of the International Pension Fund are fiduciaries as provided in the International Pension

Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The Trustees bring this action for the benefit of the beneficiaries of the International Pension Fund. The International Pension Fund is authorized to file suit on behalf of the International Masonry Institute ("IMI" and, together with the International Pension Fund, "Funds") and the International Union of Bricklayers and Allied Craftworkers ("BAC").

2. Defendant S & N Builders, Inc. is a New York corporation and has an office located at 107 Front Street, in Hempstead, New York 11550, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).

## JURISDICTION AND VENUE

3. This is an action to collect contributions and other amounts due to the Funds and BAC under the terms of a collective bargaining agreement, memorandum of understanding, and trust agreements.  This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2) and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

**FACTS**

6. Defendant S & N Builders, Inc. has been bound and signatory at all relevant times to collective bargaining agreements with International Union of Bricklayers and Allied Craftworkers Local Union No. 1 New York ("Collective Bargaining Agreements"), that govern the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant.

7. Pursuant to the Collective Bargaining Agreements, the Defendant agreed to pay certain sums of money to the Funds and BAC for certain hours worked by employees of the Defendant performing work covered by the Collective Bargaining Agreements.

8. During the period June 2021 through the present, the Defendant has employed employees performing work covered by the Collective Bargaining Agreements.

9. During the months of November 2021 through the present, the Defendant has failed to report and pay all amounts owing to the Plaintiff for work performed in the jurisdictions of Local 1 New York, cover group 1, and Local 1 New York, cover group 66, as required by the Collective Bargaining Agreements, the Plaintiff's Restated Agreement and Declaration of Trust and the Memorandum of Understanding.

10. Pursuant to the Funds' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), an employer who fails to pay required contributions on time is liable for interest at the rate of 15% per annum from the due date of each monthly payment through the date paid.

11. Pursuant to the Funds' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), an employer

who fails to pay required contributions on time also is liable for an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the due date of each monthly payment through the date paid, or liquidated damages in the amount of 20% of the total contributions owed.

12.     Pursuant to the Funds' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), an employer who fails to pay required contributions is liable for all attorneys' fees and costs for collection.

## COUNT I

### (UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED FOR THE PERIOD JUNE 2021 THROUGH THE PRESENT)

13.     The Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in this Count I.

14.     The Defendant failed to report and pay all contributions and amounts owing to the Funds and BAC under the Collective Bargaining Agreements for work performed in the jurisdictions of Local 1 New York, cover group 1, during the period June 2021 through October 2021, and Local 1 New York, cover group 66, during the period August 2021 through October 2021.

15.     In December 2021 the Defendant entered into a Memorandum of Understanding with the Plaintiff in which it promised, among other things, to pay the delinquent contributions and other amounts owed to the Funds and BAC for the period June 2021 through October 2021 by making a series of payments on a payment schedule, and also that it would remain current in submitting monthly reports, contributions and other amounts to the Funds and BAC in the future.

16.     The Defendant breached the Memorandum of Understanding by, among other things, not making the payments required by the schedule and failing to remain current in submitting monthly reports, contributions and other amounts to the Funds during the period November 2021 through the present.

17.     The Memorandum of Understanding provides that upon breach the Defendant shall pay to the Funds and BAC $33,834.41, minus any payments made under the payment schedule, plus interest on the delinquent balance up to the date of judgment. The Defendant failed to submit any of the scheduled payments to the Funds and BAC under the Memorandum of Understanding. Accordingly, the Defendant owes the Plaintiff the entire balance of $33,834.41 for contributions and related amounts for the period June 2021 through October 2021, plus interest on the delinquent balance up to the date of judgment.

18.     Because the Defendant has failed to comply with its contractual duty to submit reports and contributions, the Plaintiff cannot determine the exact amount of contributions due to the Funds and the Union by the Defendant for covered work performed in the in the jurisdictions of Local 1 New York, cover group 1, and Local 1 New York, cover group 66, during the period November 2021 through the present.

19.     The Plaintiff is entitled to judgment against the Defendant in the form of an order requiring the Defendant to submit all outstanding remittance reports for the period November 2021 through the date such an order is issued, as well as for all contributions owed, plus interest owed on unpaid contributions at the rate of 15%, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

20. By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Memorandum of Understanding, the Collective Bargaining Agreements, and the obligations under the Funds' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 515 of ERISA.

21. The Memorandum of Understanding further provides that the Defendant has waived any defenses it might otherwise have to this action to collect the remaining amounts owed under the Memorandum, including, but not limited to, any objection to this Court's personal jurisdiction over the Defendant, and any statutes of limitation defenses the Defendant might otherwise be able to assert in this action.

22. The Plaintiff is entitled to judgment against the Defendant for all amounts remaining owed under the terms of the Memorandum of Understanding, plus interest on the delinquent balance up to the date of judgment.

23. The Plaintiff will also seek a judgment in this action against the Defendant for all contributions and other amounts, interest, liquidated damages, and attorneys' fees and costs which are reported due pursuant to remittance reports, are estimated to be due, or are otherwise determined as being due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

**WHEREFORE,** the Plaintiff prays judgment on Count I as follows:

A. For the remaining unpaid amounts due and owing to the Funds and BAC for work performed during the period June 2021 through October 2021, in the amount of $33,834.41, plus interest on the delinquent balance up to the date of judgment as alleged in Count I.

B.      For a Court Order requiring the Defendant to submit all outstanding remittance reports for work performed in the jurisdictions of Local 1 New York, cover group 1, and Local 1 New York, cover group 66, during the period November 2021 through the date of judgment.

C.      For unpaid contributions due and owing to the Plaintiff for work performed in the jurisdictions of Local 1 New York, cover group 1, and Local 1 New York, cover group 66, during the period November 2021 through the date of judgment, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

D.      Costs and reasonable attorneys' fees for collection as required by the Memorandum of Understanding, Collective Bargaining Agreements, the Funds' Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and 29 U.S.C. § 1132(g)(2), up to the date of judgment.

E.      For such contributions and other amounts, interest, liquidated damages, and reasonable attorneys' fees and costs which are reported due pursuant to remittance reports, are estimated to be due, or are otherwise determined as being due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

F.      Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: January 4, 2022

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 237-1200
cgilligan@odonoghuelaw.com

By:   /s/ Charles W. Gilligan
Charles W. Gilligan (Bar No. 394710)
*Attorney for the Plaintiff*

836008_1

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 4th day of January 2022, on the following:

        The Office of Division Counsel
        Associate Chief Counsel (TE/GE) CC:TEGE
        Room 4300
        1111 Constitution Avenue
        Washington, DC  20224

        Secretary of Labor
        200 Constitution Ave., N.W.
        Washington, DC  20210

        Attention:  Assistant Solicitor for
                      Plan Benefits Security

                                            /s/ Charles W. Gilligan
                                                Charles W. Gilligan

836008_1